```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

234 HARBOR CIRCLE, LLC                      CIVIL ACTION

                                            NO: 11-1818
VERSUS

JP&D DIGITAL SATELLITE                      SECTION: "J"(4)
SYSTEMS, INC, ET AL
```

## ORDER AND REASONS

Before the Court is Plaintiff 234 Harbor Circle, LLC's **Motion for Partial Summary Judgment (Rec. Doc. 14)**, Defendants JP&D Digital Satellite Systems, Inc. and Directv, Inc.'s **Memorandum in Opposition (Rec. Doc. 16)**, and **Plaintiff's Reply Memorandum (Rec. Doc. 17)**.

This contractual dispute involves the alleged breach of the terms of a warehouse lease by Defendants. Plaintiff alleges that Defendants damaged the property during the terms of the lease, remained in possession of the property beyond the termination of the lease, and failed to return the property in a condition required by the terms of the lease. Defendant disputes that the property was ever damaged and alleges that the property was returned in substantially the same condition as it was originally delivered to them.

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986). In this case, the Court finds that genuine issues of material fact regarding whether the property was ever damaged and the precise condition of the property at the time it was returned to the Plaintiff.

Further, the Court notes that Defendants only recently filed an Answer and that no discovery between the parties has taken place. Accordingly, Plaintiff's motion for partial summary judgment is premature. FED. R. CIV. P. 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." A party seeking additional discovery in order to oppose a motion

2

for summary judgment must demonstrate both "why additional discovery is necessary" and "how additional discovery will create a genuine issue of material fact."  Canady v. Bossier Parish School Bd., 240 F.3d 437, 445 (5th Cir. 2001).  Here, Defendants' counsel has provided an affidavit attesting to the fact that no discovery has been taken, and that additional discovery would allow Defendants to rebut the Plaintiff's allegations regarding the alleged damages to the property at 234 Harbor Circle, as well as the other allegations set forth in Plaintiff's motion.  The Court finds that Defendants have demonstrated that additional discovery is necessary.  Plaintiff may reassert its motion for summary judgment after providing Defendants adequate discovery to allow them to oppose such a motion.  Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for Partial Summary Judgment (Rec. Doc. 14)** is **DENIED**.

New Orleans, Louisiana, this 4th day of November, 2011.

_____
United States District Judge

3